Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
Bonni S. Mantovani, Esquire #106353
Anna Landa, Esquire #276607
Diana Torres-Brito, Esquire #163193
Alexander G. Meissner, Esquire #315437
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
(818) 227-0637 (facsimile)
cmartin@pralc.com
Attorneys for Objecting Creditor The Bank of New York Mellon Trust Company, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Land Residential Finance Trust Mortgage Loan Asset Backed Certificates Series 2005-AB2
N.102-3486C.NF

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Armando G Tercero,<br><br>　　Debtor. | Bk. No. 17-52419<br><br>Chapter 13<br><br>OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF<br><br>Confirmation Hearing -<br>Date : December 5, 2017<br>Time : 9:55 a.m.<br>Place : U.S. Bankruptcy Ct.<br>　　　　280 South First St.<br>　　　　San Jose, CA<br>　　　　Courtroom 3099 |

　　　　The Bank of New York Mellon Trust Company, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, National Association, as Trustee for

1

Specialty Underwriting and Residential Finance Trust Mortgage Land Residential Finance Trust Mortgage Loan Asset Backed Certificates Series 2005-AB2, a creditor in the above-entitled Bankruptcy proceeding, its assignees and/or successors in interest, holds the senior lien on the subject property generally described as **2825 Emmanuel Court, Watsonville, California 95076,** and hereby submits the following objections to the confirmation of that certain Chapter 13 Plan (the "Plan") proposed by Debtor:

## LACK OF FUNDING

The Plan is not adequately funded. 11 U.S.C. §1325(a)(5)(B)(ii) requires full payment of the allowed claim of this objecting Secured Creditor. The arrearage amount provided for in Debtor's Chapter 13 Plan is insufficient to cure the pre-petition arrears owed to Secured Creditor. The Proof of Claim [to be] filed by this creditor establishes a prepetition arrearages in the approximate amount of $164,114.11, not $0.00 as provided for in the Plan. The actual arrearage amount will be disclosed in a timely filed Proof of Claim.

## FAILURE OF PLAN TO PROVIDE FOR THE MAINTENANCE OF POST-PETITION PAYMENTS

The Debtor's proposed Chapter 13 Plan fails to require the maintenance of the ongoing post-petition monthly payments as required by 11 U.S.C. Section 1322(b)(5) and the Bankruptcy Appellate Panel for the Ninth Circuit. In Re Gavia, 24 B.R. 573 (9th Cir. BAP 1982).

Secured Creditor acknowledges receipt of Debtor's loan modification application and Secured Creditor is currently reviewing Debtor's application. However, the plan does not provide for the maintenance of ongoing payment to Secured Creditor during the pendency of the loan modification process.

## CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting Creditor. It is respectfully requested that confirmation of the Chapter 13 Plan as proposed by Debtor, be denied.

WHEREFORE, Creditor prays as follows:

|     |     |                                                                    |
| --- | --- | ------------------------------------------------------------------ |
| 1   | (1) | That confirmation of the proposed Chapter 13 Plan be denied.       |
| 2   | (2) | For attorneys' fees and costs incurred herein.                     |
| 3   | (3) | For such other relief as this Court deems proper.                  |

Dated: November 10, 2017     Prober & Raphael, A Law Corporation

By /s/ Alexander G. Meissner
   Alexander G. Meissner, SBN 315437
Attorney for Creditor
N.102-3486C.NF

## SPECIAL NOTICE

**THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT APPLIES TO THIS COMMUNICATION.**

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Prober and Raphael, ALC within 30 days that all or a part of your obligation or judgment is disputed, then Prober and Raphael, ALC will mail you a written verification of the obligations or judgment and the amounts owed to The Bank of New York Mellon Trust Company, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Land Residential Finance Trust Mortgage Loan Asset Backed Certificates Series 2005-AB2. In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.