DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE #256514
NANETTE DUMAS #148261
JANE Z. BOHRER #243692
P. O. Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br><br>ARMANDO G TERCERO,<br><br><br><br><br>Debtor(s) | CHAPTER 13 CASE NO. 17-52419 SLJ<br><br>**MOTION TO DISMISS PRE-CONFIRMATION PURSUANT TO 11 U.S.C. §1307(c)(1) AND MOTION TO DISGORGE FEES**<br><br>Hearing Date: August 16, 2018<br>Hearing Time: 10:00 a.m.<br>Judge: Stephen L. Johnson<br>Place: U.S. Bankruptcy Court<br>      280 S. First St., Room 3099<br>      San Jose, CA  95113 |

Devin Derham-Burk, Standing Chapter 13 Trustee hereafter "Trustee"), submits the following 1) Motion to Dismiss pursuant to 11. U.S.C. §1307(c)(1) and 2) Motion to Disgorge Fees as follows:

//

//

//

//

# REQUEST FOR JUDICIAL NOTICE

Pursuant to FED. R. EVID. 201 as incorporated by FED. R. BANKR. P. 9017, the Trustee respectfully requests that this Court take judicial notice of the Trustee's First Amended objection to confirmation on file herein, [Docket #23] (a copy of which is attached as Exhibit A), Creditor, Bank of New York Mellon Trust Company, N.A., objection to confirmation, [Docket #19] (a copy of which is attached as Exhibit B), and Statement Pursuant to Rule 2016(b), [Docket #14, Pages 30-31] (a copy of which is attached as Exhibit C).

# FACTUAL BACKGROUND

1. The Chapter 13 petition was filed on October 3, 2017 [Docket #1]. Dana M Douglas is the Debtor's attorney of record.

2. Devin Derham-Burk is the duly appointed Chapter 13 Trustee in this matter.

3. The Trustee has filed her first amended objection to confirmation on November 28, 2017. [Docket #23]. *See* Exhibit A. To date, no objection points from the first amended objection have been resolved. The point(s) raised in the Trustee's amended objection prevent her from recommending confirmation of the Chapter 13 plan.

4. Creditors Bank of New York Mellon Trust Company, N.A. filed their objection to confirmation on November 14, 2017. [Docket #19]. *See* Exhibit B. To date, the creditor's objection has not been withdrawn and appears to be unresolved. The creditor's objection prevents the Trustee from recommending confirmation to the Chapter 13 plan.

5. The creditors hereunder are experiencing an unreasonable delay by the debtor(s) that is prejudicial pursuant to 11 U.S.C. §1307(c)(1).

6. Dana M Douglas was paid $1,000.00 prior to filing this Chapter 13 case according to the Statement Pursuant to Rule 2016(b), [Docket #14, Pages 30-31]; however, she has made no

attempts to resolve the outstanding objection in order to have this case confirmed. A true and correct copy of the Statement Pursuant to Rule 2016(b) is attached hereto as Exhibit C and incorporated herein by this reference.

6. The Debtor's case has remained unconfirmed for approximately nine (9) months with the Trustee's First Amended Objection to Confirmation remains unaddressed for seven (7) months and the creditor's Objection to Confirmation remains unresolved for almost eight (8) months.

**ARGUMENT**

11 U.S.C. §1307(c) permits the Trustee to bring a motion to dismiss a Chapter 13 case for cause if it is in the best interests of the creditors and the estate. The Court can consider any "cause" including, but not limited to, the enumerated grounds in subsection (c). Section 1307(c)(1) permits dismissal for "unreasonable delay by the debtor that is prejudicial to creditors." The Trustee submits that this case has been pending for almost nine (9) months without resolution of any of the Trustee's objection points. This delay is unreasonable and is preventing the Trustee from being able to recommend confirmation. In light of the lack of prosecution in this case, the Trustee submits that the case should be dismissed.

If Debtor's counsel has taken all, or a majority of, her fees up front and has then done nothing to address the Trustee's objection and have this case confirmed, they should disgorge the entire fee for this case and the filing fee so that the debtor can start fresh with new counsel. 11 U.S.C. §§105 and 329(b) along with Fed.R.Bankr.P. 2017 permit the Court to alter the contract for compensation between the debtor and his attorney if the amounts charged are not reasonable for the work performed. Section 105(a) allows this Court general powers "…necessary or appropriate to carry out the provisions of this title." Section 329(b) provides, "If such [a

debtor's attorney's] compensation exceeds the reasonable value of the services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to— … (2) the entity that made such payment."

Section 330 sets out the standard by which a Court should determine the reasonableness of fees under § 329. <u>Am. Law Center, PC. v. Stanley (In re Jastrem)</u>, 253 F.3d 438, 443 (9th Cir. 2001) (citations omitted); <u>Hale v. United States Trustee (In re Basham)</u>, 208 B.R. 926, 931 (9th Cir. BAP 1997) (citation omitted). Section 330 provides,

> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –…
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title [.]

11 U.S.C. § 330(a)(3) (West 2006).

Section 330 further provides that a Court shall **not** allow compensation for services that are not "reasonably likely to benefit the debtor's estate [or] necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A)(ii) (West 2006) (emphasis added). The burden of proof is on the attorney claiming a fee in a bankruptcy proceeding to establish the value of the services provided. <u>In re Basham</u>, 208 B.R. at 931 (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)); <u>In re Gianulias</u>, 111 B.R. 867 (Bankr. E.D. Cal. 1989); <u>In re Coastal Equities, Inc.</u>, 39 B.R. 304, 310 (Bankr. S.D. Cal. 1984). The Trustee argues that the Debtor has failed to receive the benefit of the bargain with his counsel because Dana M Douglas has done nothing to resolve the Trustee's first amended objection since it was filed in November 2017. As a result, the Trustee asserts that the attorney's services did not benefit the Debtor and the $1,000.00 paid by the Debtor to the attorney exceeds the reasonable value of the attorney's services.

WHEREFORE, Devin Derham-Burk, the Standing Chapter 13 Trustee, respectfully requests that this Court dismiss this case without prejudice and require Dana M Douglas to disgorge $1,000.00, plus any filing fee paid ($310), to the debtor within ten (10) days and provide the Trustee and Court with a copy of the check(s).

Respectfully submitted,

DATE June 27, 2018

/s/ Devin L. Pace
Attorney for the Chapter 13 Trustee